UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Civil Action No.
JOANN PAVONE,

                           Plaintiff,                       **COMPLAINT**

   -against-

DIESEL U.S.A., INC.,                                Jury Trial Demanded

                           Defendant.
------------------------------------------------------------X

Plaintiff, by her attorneys, Bell Law Group, PLLC, complaining of Defendant, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff pursuant to the Equal Pay Act under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), against Defendant for gender discrimination in which Plaintiff as a female employee was paid a disparate and significantly lower salary than numerous male employees who previously worked in Plaintiff's position and for discriminatory acts in which Plaintiff was terminated and replaced with a male employee based solely upon Plaintiff's gender as a female.

2. Defendant Diesel U.S.A., Inc., is a retail clothing and apparel company with store locations throughout the United States and abroad. Plaintiff worked for Defendant in the Human Resources Department at Defendant's North America corporate headquarters located in Manhattan, New York, from March 23, 2015 through February 22, 2021. Throughout her employment Plaintiff was an exemplary employee who started as a Human Resources Business Partner and received promotions to Director of Human Resources and Vice President of Human

1

Resources. However, after being promoted to Vice President of Human Resources in August 2018, Plaintiff discovered that three (3) male employees who worked as Vice President of Human Resources prior to Plaintiff were each paid substantially higher salaries that were $50,000 to $77,000 greater than Plaintiff's salary despite Plaintiff performing equal work, duties and responsibilities. The sole basis for Plaintiff receiving a lesser rate than male employees was Plaintiff's gender. Moreover, despite her exemplary performance during her employment, Plaintiff was terminated on February 22, 2021 and replaced with a male employee who upon information and belief was provided with a higher salary than Plaintiff based upon his status as a male. Moreover, the individual who terminated Plaintiff, Defendant's Chief People & Organizational Officer, Guido Serafini, was the same individual who provided Plaintiff with a significantly lower salary than male employees.

## PARTIES

3. Plaintiff was and still is a resident of the County of Nassau, State of New York.

4. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 206, NYLL, N.Y. Lab. Law § 194, NYSHRL, N.Y. Exec. Law § 290 *et seq.*, and NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq*.

5. Defendant Diesel U.S.A., Inc. was and still is a foreign corporation duly organized and existing by virtue of the laws of the State of Delaware.

6. Defendant Diesel U.S.A., Inc. was and still is authorized to transact business in the State of New York.

7. Defendant Diesel U.S.A., Inc. maintains a principal place of business at 220 West 19th Street, 8th Floor, New York, New York 10011.

8. Defendant employs in excess of one hundred (100) employees and is thus subject to the requirements of NYSHRL and NYCHRL.

9. Defendant is a covered employer subject to the requirements of the FLSA, 29 U.S.C. § 206, NYLL, N.Y. Lab. Law § 194, NYSHRL, N.Y. Exec. Law § 290 *et seq.*, NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*, and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction based upon federal question and pursuant to the Constitution of the United States, 42 U.S.C. §§ 1331 and 1343, in that this is an action arising under the FLSA.

11. This Court has supplemental jurisdiction of the claims arising under the New York Labor Law, New York State Human Rights Law and New York City Human Rights Law pursuant to 28 U.S.C. § 1367, in that the New York State and New York City law claims are so closely related to Plaintiff's FLSA equal pay claims as to form the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts a substantial amount of business within this judicial district.

## FACTS

13. Defendant Diesel U.S.A., Inc., also known and/or doing business as "Diesel" or "Diesel USA", is a retail clothing and apparel company with its principal headquarters located at 220 West 19th Street, 8th Floor, New York, New York 10011, that has various store locations throughout the United States and abroad.

14. Plaintiff worked for Defendant at their North America headquarters in Manhattan, New York, from March 23, 2015 through February 22, 2021.

15. Plaintiff was hired on March 23, 2015 as a Human Resources Business Partner. Plaintiff was promoted to Director of Human Resources in April 2016 and was promoted to Vice President of Human Resources on August 1, 2018, which was the position Plaintiff worked in until her termination on February 22, 2021.

16. As Vice President of Human Resources, Plaintiff's duties included performing employment investigations, onboarding, training and development, financial planning and recruiting.

17. Throughout her employment Plaintiff worked full time 9:00 a.m. to 5:30 p.m., Monday through Friday, for an approximate total of forty-two and one half (42.5) hours per week. Plaintiff was also often required to join video conference calls beginning at 6:00 a.m. or 6:30 a.m.

18. Plaintiff's salary as a Human Resources Business Partner was $97,000 per year, as Director of Human Resources was $140,000 and as Vice President of Human Resources was $170,000.

19. While it was agreed that Plaintiff would receive a salary of $170,000 when she started as Vice President of Human Resources on August 1, 2018, the salary increase did not become effective until September 1, 2018 and Plaintiff only retroactively received the same after submitting a request in September 2018. Additionally, Plaintiff was required to write her own promotion letter which upon information and belief was not required of any prior male employees.

20. Plaintiff's salary was determined by Defendant's Chief People & Organizational Officer ("CP&OO"), Guido Serafini.

21. Prior to her promotion to Vice President of Human Resources, three (3) male employees previously held the Vice President of Human Resources position. Each of the male employees were paid a salary significantly higher than Plaintiff of $50,000 to $77,000 more per year.

22. More particularly, Stuart Jackson worked for Defendant from July 19, 2004 through April 1, 2012. Mr. Jackson's salary as Vice President of Human Resources was $220,000 per year on July 17, 2008 and he received an increase to $235,000 per year on April 15, 2009, and another salary increase to $247,000 on April 1, 2012.

23. Second, Henry Artalejo worked as Vice President of Human Resources for Defendant from January 15, 2013 through May 16, 2015. Mr. Artalejo's salary as Vice President of Human Resources was $220,000 when he started and was increased to $230,000 on April 1, 2015.

24. Third, Fernando Destefanis worked as Vice President of Human Resources for Defendant from August 31, 2015 through August 1, 2018 and was paid a salary of $240,000 per year.

25. At all relevant times, in the position of Vice President of Human Resources, Plaintiff and each of the foregoing male employees performed equal work and work requiring equal skill, effort, responsibility and the position was performed by each under the same and/or similar working conditions.

26. Nonetheless, Plaintiff, as a female employee, was paid a salary of $50,000 to $77,000 less than male employees in an identical position based solely upon her gender.

27. Plaintiff complained of the significant disparity between her salary in the position compared to her male predecessors on or about September 11, 2018 to Defendant's CP&OO Guido

Serafini. Mr. Serafini informed Plaintiff that predecessors had previous experience in a Vice President role. However, prior to working for Defendant, Henry Artalejo worked as a Director of Human Resources for Sara Lee Corporation.

28. Plaintiff further asked for a salary review from Defendant's CP&OO Guido Serafini in 2019 but did not receive any response or increase.

29. Plaintiff's performance throughout her employment was exemplary and each of her annual performance reviews met or exceeded expectations. Moreover, Plaintiff was not subject to write-ups or discipline during her employment.

30. Despite the foregoing, on February 22, 2021, Plaintiff was terminated by Defendant's CP&OO, Guido Serafini, and the CEO, Patrick Valeo, on the pretextual basis that Defendant needed a "more strategic business partner". Thereafter, Plaintiff was replaced with a male employee, Stefano DeMarchi. Upon information and belief, Mr. DeMarchi was already hired prior to Plaintiff's termination and was provided with a higher salary than Plaintiff.

31. That at all relevant times, Plaintiff's termination and replacement with a male employee was based upon Plaintiff's gender.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Equal Pay Act Violation 29 U.S.C. § 206(d)(1)*)

32. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

33. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

34. At all relevant times, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

35. Pursuant to 29 U.S.C. § 206(d)(1), no employer shall discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate at which the employer pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

36. At all relevant times, Plaintiff worked in a position identical to that of other male employees that required equal skill, effort and responsibility, and under similar working conditions.

37. Defendant discriminated against Plaintiff by compensating Plaintiff at a disparate and substantially lower salary than male employees performing duties in an identical job position that required equal skill, effort, and responsibility, and that was performed under similar working conditions.

38. The sole motivating factor for the payment of a lower salary to Plaintiff was Plaintiff's gender.

39. But for Plaintiff's gender, Plaintiff would not have been paid at a rate less than that paid to male employees for equal work.

40. By engaging in the aforesaid acts, Defendant engaged in an unlawful employment practice in violation of 29 U.S.C. § 206(d)(1).

41. Defendant's act of compensating Plaintiff as a female employee at a rate less than that paid to male employees for equal work was committed willfully, knowingly and intentionally.

42. As a result of Defendant's violations of the law and failures to pay Plaintiff at a rate equal to male employees, Plaintiff has been damaged and is entitled to recover from Defendants

all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

43. As Defendant did not have a good faith basis to believe that Defendant's failure to pay equal wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
(*Equal Pay Act Violation N.Y. Lab. Law § 194*)

44. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

45. At all relevant times, Plaintiff was an employee within the meaning of N.Y. Lab. Law § 190(2).

46. At all relevant times, Defendant was an employer within the meaning of N.Y. Lab. Law § 190(3).

47. Pursuant to N.Y. Lab. Law § 194, no employee within a protected class shall be paid at a wage less than the rate at which an employee without status within the same protected class is paid for equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions, or substantially similar work when viewed as a composite of skill, effort and responsibility, and performed under similar working conditions.

48. At all relevant times, Plaintiff worked in a position identical to that of other male employees that required equal skill, effort and responsibility, and under similar working

conditions, or performed substantially similar work when viewed as a composite of skill, effort and responsibility, and performed under similar working conditions.

49. Defendant discriminated against Plaintiff by compensating Plaintiff at a disparate and substantially lower salary than male employees performing duties in an identical job position that required equal skill, effort, and responsibility, and that was performed under similar working conditions, or performing substantially similar work when viewed as a composite of skill, effort and responsibility, and performed under similar working conditions.

50. The sole motivating factor for the payment of a lower salary to Plaintiff was Plaintiff's gender.

51. But for Plaintiff's gender, Plaintiff would not have been paid at a rate less than that paid to male employees for equal work.

52. By engaging in the aforesaid acts, Defendant engaged in an unlawful employment practice in violation of N.Y. Lab. Law § 194.

53. Defendant's act of compensating Plaintiff as a female employee at a rate less than that paid to male employees for equal work was committed willfully, knowingly and intentionally.

54. As a result of Defendant's violations of the law and failures to pay Plaintiff at a rate equal to male employees, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2

55. As Defendant did not have a good faith basis to believe that Defendant's failure to pay equal wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

## **AS AND FOR THE THIRD CAUSE OF ACTION**
(*Gender Discrimination NYSHRL*)

56. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

57. At all relevant times, Plaintiff was an employee within the meaning of New York State Human Rights Law, N.Y. Exec. Law § 292(6).

58. At all relevant times, Defendant was an employer within the meaning of New York State Human Rights Law, N.Y. Exec. Law § 292(5).

59. Pursuant to New York State Human Rights Law, N.Y. Exec. Law § 296, it is unlawful for an employer because of an individual's gender "to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

60. Defendant engaged in conduct that was discriminatory against Plaintiff in which Plaintiff as a female employee was compensated at a rate less than male employees for equal work.

61. The motivating factor for the disparate treatment of Plaintiff was Plaintiff's' gender.

62. But for Plaintiff's gender, Plaintiff would not have been subject to disparate treatment receiving compensation at a rate less than male employees for equal work.

63. By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by N.Y. Exec. Law § 296.

64. As a result of Defendant's unlawful acts, Plaintiff has suffered lost income and severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE FOURTH CAUSE OF ACTION
(*Gender Discrimination NYCHRL*)

65. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

66. At all relevant times, Plaintiff was an employee within the meaning of New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1).

67. At all relevant times, Defendant was an employer within the meaning of New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1).

68. Pursuant to New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1), it shall be an unlawful employment practice for an employer because of the gender of an employee "to discriminate against such person in compensation or in terms, conditions or privileges of employment."

69. Defendant engaged in conduct that was discriminatory against Plaintiff in which Plaintiff as a female employee was compensated at a rate less than male employees for equal work.

70. The motivating factor for the disparate treatment of Plaintiff was Plaintiff's gender.

71. But for Plaintiff's gender, Plaintiff would not have been subject to disparate treatment receiving compensation at a rate less than male employees for equal work.

72. By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by N.Y.C. Admin. Code § 8-107(1).

73. As a result of Defendant's unlawful acts, Plaintiff has suffered lost income and severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(*Gender Discrimination NYSHRL*)

74. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

75. Pursuant to New York State Human Rights Law, N.Y. Exec. Law § 296, it is unlawful for an employer because of an individual's gender to "discharge from employment such individual."

76. Plaintiff's rights under New York State Human Rights Law were violated by acts of the Defendant in which Plaintiff was terminated.

77. The motivating factor for Plaintiff's termination was Plaintiff's gender.

78. But for Plaintiff's gender, Plaintiff would not have been terminated.

79. Defendant's unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

80. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to, lost income, lost future earnings and severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE SIXTH CAUSE OF ACTION
(*NYCHRL Gender Discrimination*)

81. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

82. Pursuant to New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 it is unlawful for an employer based upon the gender of any person to "discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment".

83. Plaintiff's rights under New York City Human Rights Law were violated by acts of the Defendant in which Plaintiff was terminated.

84. The motivating factor for Plaintiff's termination was Plaintiff's gender.

85. But for Plaintiff's gender, Plaintiff would not have been terminated.

86. Defendant's unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

87. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to, lost income, lost future earnings and severe emotional distress, mental anguish, pain and suffering.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendant, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendant, for all wages due, compensatory damages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendant, for all wages due, compensatory damages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendant, for all back pay wages due, future wages, compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. Such other and further relief as is just and proper.

Dated: Garden City, New York
June 11, 2021

                                                          Respectfully submitted,
                                                          BELL LAW GROUP, PLLC

                                                          By: */s/ Matthew Madzelan*
                                                          Matthew Madzelan, Esq.
                                                          *Attorneys for Plaintiff*
                                                          100 Quentin Roosevelt Boulevard, Suite 208
                                                          Garden City, New York 11530
                                                          (516) 280-3008
                                                          Matthew.m@belllg.com