UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOANN PAVONE,

                              Plaintiff,

                -v-

DIESEL U.S.A., INC.,

                              Defendant.

21 Civ. 5219 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 31, 2022, the parties submitted a proposed settlement agreement, Dkt. 24-1 (the "Agreement") and memorandum of law in support of their agreement, Dkt. 24 ("Mem."), in this Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), New York State Human Rights Law, and New York City Human Rights Law action. Plaintiff Joann Pavone alleged that she was discriminated against on the basis of her gender, including by being paid less than her male predecessors. *See* Dkt. 1.

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

The Court has carefully reviewed the Agreement. Under the Agreement, defendant Diesel U.S.A., Inc. ("Diesel") is to pay $35,000 within 30 days of the Court's approval of the

settlement agreement. Agreement ¶ 1. Plaintiff Joann Pavone is to receive the entirety of that sum. *Id.* The parties have entered into a bifurcated settlement, in which the suit's non-FLSA claims are resolved under a separate, confidential agreement. Mem. at 1, 4.

The Agreement before the Court is reasonable. Pavone's settlement of $35,000 is reasonable given that she estimates that, were she to proceed to trial and succeed on all claims, she would be entitled to $162,000 total in unpaid wages, plus liquidated damages and interest, on all of her claims. *See id.* at 2. But, as the parties explain, given that her claims "are more akin to a claim for gender discrimination" than wage-and-hour cases under the FLSA, continuing this action poses "serious litigation risks." *See id.* at 3. Moreover, the Agreement only releases claims "that were or could have been asserted pursuant to the Equal Pay Act under the [FLSA]." Agreement ¶ 3(a). This does not "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *Rivera v. SA Midtown LLC*, No. 16 Civ. 2097 (PAE), 2017 WL 1378264, at *1 (S.D.N.Y. Apr. 11, 2017) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Further, Diesel also "releases and discharges [Pavone] from all compulsory counterclaims, whether actually asserted or not, related to the FLSA Claim" here, so that the release is not asymmetrical. Agreement ¶ 3(b). In addition, the Agreement does not contain any confidentiality provisions that would undermine the broad remedial purposes of the FLSA. *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016). Finally, because no attorneys' fees are awarded here, the Court need not assess their reasonableness.

The Court further finds that the separate settlement of Pavone's state law discrimination claims does not review judicial approval. The Second Circuit has not ruled directly on the

permissibility of bifurcated settlements, in which settlements of FLSA claims are filed publicly and reviewed by the Court and other claims in the same lawsuit are settled privately and confidentially by the parties. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020) ("We do not have such a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval."). In this Circuit, district courts' approaches to bifurcation of settlement have varied; some courts permit bifurcated settlements, while others require parties to submit the non-FLSA settlement for court review. *See Torres v. Mc Gowan Builders*, No. 18 Civ. 6099, 2020 WL 5369056, at *2 (E.D.N.Y. Sept. 8, 2020) (collecting cases that allow bifurcated settlements and those taking "case-by-case approach" by reviewing both FLSA and non-FLSA settlements).[1] To guide district courts, the Circuit has further noted that "[w]here a settlement dismisses with prejudice

---

[1] *Compare, e.g., Bazile v. Asset Prot. Grp. LLC*, No. 18 Civ. 6820, 2019 WL 7985168, at *4 (E.D.N.Y. Nov. 27, 2019) ("[I]n the reviewing the fairness of the FLSA settlement, the Court must . . . consider the terms of the NYLL settlement in conducting its *Cheeks* fairness review . . . [and] that document must be filed publicly."); *Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) (stating that "where the parties enter into bifurcated settlement agreements . . . a court must take into account at least the existence of the non-FLSA settlement . . . [and] the parties may be required to submit both settlement agreements to the court"); *with Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (even though NYLL settlement agreement "contains several provisions that would be impermissible in an FLSA settlement . . . such a bifurcated settlement agreement is permissible . . . because the NYLL settlement agreement does not require judicial approval"); *Ortiz v. Breadroll, LLC*, No. 16 Civ. 7998 (JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017) ("[T]here is authority for a bifurcated settlement agreement, in which the parties submit their FLSA agreement for court review and approval on the public record, but enter into a separate and confidential settlement agreement with respect to the counterclaims."); *Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (noting approval of bifurcated settlement structure); *Hotaranu v. Star Nissan Inc.*, No. 16 Civ. 5320, 2018 WL 1136528, at *1–2 (E.D.N.Y. Feb. 27, 2018) (stating that "separate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not *generally* be subject to court approval, insofar as their terms concerned only the non-FLSA claims" but cautioning against "an end-run around *Cheeks* review" without the court's review of both) (emphasis in original).

3

both FLSA and state law claims, it seems to us a district court must take into account at least the existence of the state law claims in assessing the reasonableness of the settlement, which turns in part on the total potential recovery." *Fisher*, 948 F.3d at 607 n.12.

Here, the separate settlement of Pavone's state law discrimination claims does not require judicial review. *See Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20 Civ. 7131 (KMK), 2021 WL 38264, at *6 (S.D.N.Y. Jan. 5, 2021) ("[T]he Parties have also entered into a separate, confidential agreement to resolve Plaintiff's alleged discrimination claims. Precedent confirms that such an approach is permissible.") (internal citation omitted) (collecting cases); *Chowdhury v. Brioni Am., Inc.*, No. 16 Civ. 344 (HBP), 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 29, 2017) ("Plaintiffs' discrimination claims, unlike their FLSA claims, do not require judicial approval.") (collecting cases); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) ("Santos's private agreement with defendants resolving his discrimination claims . . . does not require this Court's approval[.]"). The Agreement does not address Pavone's state law claims at all. It is pointedly limited to Pavone's FLSA equal pay claims, and as noted, does not contain any problematic provisions, including provisions bearing on extrinsic claims. The parties have used an entirely separate agreement to set out the terms under which they have resolved Pavone's discrimination claims. There is no basis to infer that the use of a separate agreement for non-FLSA claims has been used here to end-run legal limitations on the settlement of FLSA claims.

In sum, upon its review of the Agreement, the Court is satisfied that the Agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House.*

4

## CONCLUSION

For the reasons stated herein, the proposed settlement agreement is approved. The Court retains jurisdiction to resolve any disputes arising out of the Agreement and of this action. *See* Agreement at 1 ("subject to . . . the Court's exercise of continuing jurisdiction to enforce and interpret this agreement").

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: March 2, 2022
      New York, New York